```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JON ERIC CHANEY,                                            :
                                                            :
                              Plaintiff,                    :
                                                            :           23-CV-3652 (VSB)
              - against -                                   :
                                                            :           OPINION & ORDER
                                                            :
LOCAL 32BJ SEIU and GENE SZYMANSKI,                         :
                                                            :
                              Defendants.                   :
------------------------------------------------------------X
```

Appearances:

J. Patrick DeLince
DeLince Law, PLLC
New York, NY
*Counsel for Plaintiff*

Lyle Douglas Rowen
Service Employees International Union, Local 32BJ
New York, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

  Before me are a motion to dismiss filed by Local 32BJ SEIU ("Local 32BJ") and Gene Szymanski ("Szymanski," collectively, "Defendants"), (Doc. 13), and a motion to file an amended complaint, (Doc. 26), filed by Jon Eric Chaney ("Chaney" or "Plaintiff"). Because it is in the interest of justice and efficiency to allow Plaintiff to amend their complaint, leave to file the amended complaint is GRANTED, and Defendants' pending motion to dismiss is DENIED as moot.

I. **Background**

Plaintiff filed his complaint pro se in New York state court on January 17, 2023.  (Doc. 6-1.)  On May 2, 2023, the action was removed to this Court.  (Doc. 6.)  On May 8, 2023, Defendants filed a motion to dismiss.  (Doc. 13.)  On June 17, 2023, counsel appeared on behalf of Plaintiff.  (Doc. 21.)  On July 21, 2023, Plaintiff filed a declaration, (Doc. 24), and a memorandum of law, (Doc. 25), in opposition to the motion to dismiss and a cross motion, (Doc. 26), declaration, (Doc. 27), and memorandum of law, (Doc. 28), seeking leave to file an amended complaint.

II. **Legal Standard**

Pursuant to Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  "[G]ranting leave to amend is consistent with the liberal standard of Rules 15 . . . and with the Second Circuit's 'strong preference for resolving disputes on the merits.'"  *Patterson v. Morgan Stanley*, No. 16-CV-6568 (RJS), 2017 WL 11569235, at *2 (S.D.N.Y. Sept. 27, 2017) (quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015)).  District courts "should not dismiss a pro se complaint without granting leave to amend at least once, unless amendment would be futile."  *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (internal quotation marks omitted); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  When a plaintiff amends their complaint while there is a pending motion to dismiss, the court "may either deny [the] pending motion to dismiss as moot or consider the merits of the motion."  *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020).

### III. <u>Discussion</u>

Plaintiff has shown good cause to amend his complaint. Plaintiff's amended complaint "does not add new causes of action; instead, [it] removes those claims that are not actionable while providing further factual allegations regarding the claims that remain." (Doc. 28 at 2.) Compared to Plaintiff's initial complaint, which was filed pro se, the proposed amended complaint provides greater detail and contains clearer factual allegations. (*See* Doc. 27-2.) Further, this matter is still in the early stages of litigation; therefore, the amendment would not cause undue prejudice. *See Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 455 (S.D.N.Y. 2016) (allowing a complaint to be amended where discovery had not been completed); *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 200 (S.D.N.Y. 2014) ("A court is more likely to find an amendment prejudicial if discovery has closed.").

### IV. <u>Conclusion</u>

For the reasons explained above, Plaintiff's cross motion to file an amended complaint is GRANTED. Defendants' pending motion to dismiss is DENIED as moot. Plaintiff is directed to file their amended complaint by August 1, 2023. Defendant must respond to the amended complaint by August 15, 2023. If Defendant files a motion to dismiss, Plaintiff shall have until August 29, 2023 to file his opposition. Any reply by Defendant will be due on or before September 5, 2023.

The Clerk of the Court is respectfully directed to terminate the gavels pending at Docs. 13, 26, 27, and 28.

SO ORDERED.

Dated: July 25, 2023
      New York, New York

                                          Vernon S. Broderick
                                          United States District Judge